IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex. rel. JOSE SOUFFRONT, | ) ) ) | |
| Petitioner, | ) ) | No. 05 C 2067 |
| v. | ) ) ) | Wayne R. Andersen District Judge |
| DUKE TERRELL, Warden, | ) ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the petition of Jose Souffront for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. For the following reasons, the petition is denied.

## BACKGROUND

Petitioner Jose Souffront is one of fourteen individual indicted September 17, 1997 and charged with a narcotics conspiracy and related offenses in violation of 21 U.S.C. §§ 841(a)(1), 843, 846 and 848. On July 22, 1998 after a ten-week jury trial, Souffront was convicted on Counts 1, 3, 4, and 6 of the indictment for participating in a narcotics conspiracy in violation of 21 U.S.C. § 846 and for using a telephone to facilitate a drug conspiracy in violation of 21 U.S.C. § 853(b). He was sentenced to a term of 240 months. On June 8, 2000, Souffront filed a notice of appeal with the United States Court of Appeals for the Seventh Circuit, which was denied on August 6, 2003. On December 31, 2003, Souffront filed a petition for writ of certiorari in the United States Supreme Court, which was denied on February 23, 2004.

Souffront has filed the instant petition for writ of habeas corpus in this Court. Souffront argues that he was unconstitutionally sentenced in light of the United States Supreme Court decision in *United States v. Booker*, 125 S. Ct. 738 (2005) and that *Booker* must apply retroactively because it is a substantive rule of law or, alternatively, because it is a watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.

## LEGAL STANDARD

Collateral relief under 28 U.S.C. § 2255, the federal habeas corpus statute, is available only in limited circumstances. The statute provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess or the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Such relief is therefore limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Bishchel v. United States*, 32 F.3d 259, 263 (7th Cir.1994), quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir.1991). If the reviewing court determines that such defect exists in the judgment or sentence, it "shall vacate and set the judgment aside and shall discharge the prisoner or re-sentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255.

## ANALYSIS

Souffront argues that his sentence, which was imposed pursuant to the mandates of the federal sentencing guidelines, is unconstitutional in light of the United States Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), and that *Booker* should be applied retroactively. In *Booker*, the Supreme Court held that the federal sentencing guidelines no longer were mandatory but rather were advisory. 125 S. Ct. at 769. In *United States v. McReynolds*, the Seventh Circuit held that the *Booker* decision was not retroactive. 397 F.3d 479, 481 (7th Cir. 2005).

Souffront was sentenced in May 2000, and the Supreme Court denied his petition for a writ of certiorari on February 23, 2005 prior to the Supreme Court's ruling in *Booker* on January 12, 2005. Thus, *Booker* is not applicable to this case and does not effect Souffront's sentence which was imposed pursuant to the federal sentencing guidelines. Accordingly, the request for habeas relief must be denied.

## CONCLUSION

For all of the foregoing reasons, Jose Souffront's petition for a writ of habeas corpus is denied. It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: October 28, 2005